Stuart M. Price, Esq. (SBN:150439)
Price Law Group, APC
15760 Ventura Boulevard, Suite 800
Encino, CA 91436
T: (818) 205-2466
Stuart@pricelawgroup.com
Attorney for Plaintiff
Henry Mendoza

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HENRY MENDOZA,<br><br>          Plaintiff,<br><br>vs.<br><br>ALLIED INTERSTATE, LLC and SYNCHRONY BANK,<br><br>          Defendants. | **Case No.:**<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>  1. **TCPA, 47 U.S.C. § 227**<br>  2. **RFDCPA, Cal. Civ. Code § 1788**<br>  3. **FDCPA, 15 U.S.C. § 1692**<br><br>**(Unlawful Debt Collection Practices)** |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Henry Mendoza (Plaintiff), through his attorneys, alleges the following against Defendants Allied Interstate, LLC ("Allied") and Synchrony Bank ("Synchrony") (and collectively as "Defendants"):

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other

things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2. Count II of Plaintiff's Complaint is based upon Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), CAL. CIV. CODE § 1788, which prohibits debt collectors from engaging in abusive, deceptive and unfair practices in connection with the collection of consumer debts.

3. Count III of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, which prohibits debt collectors from engaging in abusive debt collection practices against consumers.

## JURISDICTION AND VENUE

4. Jurisdiction of the court arises under 28 U.S.C. § 1331 and 47 U.S.C. § 227.

5. Venue is proper pursuant to 28 U.S.C. 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

6. Defendants transact business here; therefore, personal jurisdiction is established.

## PARTIES

7. Plaintiff is a natural person residing in Brea, Orange County, California.

8. Plaintiff is a debtor as defined by *Cal. Civ. Code § 1788.2(h)*.

9. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

10. Defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

11. Defendants are "debt collectors" as defined by CAL. CIV. CODE 1788.2(c).

12. Defendant Allied Interstate, LLC is a creditor engaged in business of debt collection with its principal place of business located in New Albany, Ohio. Defendant can be served with process in 7525 W. Campus Road, New Albany, OH 43054-1121.

13. Defendant Synchrony Bank is a creditor engaged in the business of giving loans with the principal place of business located in Draper, Utah. Defendant can be served with process at 170 West Election Road, Suite 125, Draper, UT 84020.

14. Defendants acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

15. Defendants are attempting to collect an alleged debt from Plaintiff.

16. On or about November 15, 2015, Defendant, Synchrony, began placing calls to Plaintiff's cellular phone number (714) 600-5187, in an attempt to collect an alleged debt.

17. The calls placed by Defendant Synchrony mainly originated from (877) 822-2015, (330) 433-5979, (330) 433-5966, (678) 518-3097, (866) 899-6190, and (800) 527-3369. Upon information and belief, these numbers are owned or operated by Defendant Synchrony.

18. On or about November 19, 2015, at 9:52 a.m., Plaintiff answered a call from Defendant Synchrony. Plaintiff heard a pause before a collection agent began to speak, indicating the use of an automated telephone dialing system.

19. Plaintiff spoke with Defendant's representative from telephone number (330) 433-5966.

20. Defendant Synchrony's agent informed Plaintiff that it was attempting to collect a debt. During that call, Plaintiff unequivocally revoked consent to be called any further.

21. Despite his request not to be contacted, Plaintiff continued to receive calls on his cellular phone from Defendant Synchrony.

22. Between November 19, 2015 and June 6, 2016, Defendant Synchrony called Plaintiff almost every day after he unequivocally revoked consent to be contacted.

23. Plaintiff typically received between four (4) to five (5) calls per day to his cellular phone.

24. Between November 19, 2015 and June 6, 2016, Defendant Synchrony contacted Plaintiff's cellular telephone approximately fifty-one (51) times after having unequivocally revoked consent to be contacted.

25. On or about April 22, 2016, Defendant Allied Interstate, began placing calls to Plaintiff's cellular phone number (714) 600-5187, in an attempt to collect a debt on behalf of Defendant Synchrony.

26. The calls placed by Defendant Allied originated from (866) 875-4796. Upon information and belief, these numbers are owned or operated by Defendant.

27. Between April 22, 2016 and June 6, 2016, Defendant Allied called Plaintiff almost every day, multiple times per day.

28. Plaintiff typically received between four (4) to ten (10) calls per day to his cellular phone.

29. Between April 22, 2016 and June 6, 2016, Defendant Allied contacted Plaintiff's cellular telephone approximately three-hundred fifty-six (356) times after having unequivocally revoked consent to be contacted.

30. The conduct was not only willful, but was done with the intention of causing Plaintiff such distress, so as to induce her to pay the debt.

31. As a result of Defendant's conduct, Plaintiff has sustained actual damages including but not limited to, embarrassment, emotional and mental pain and anguish.

32. Plaintiff is self-employed and uses his cellular phone for client calls.

33. Defendants' phone calls routinely interrupted Plaintiff while he was on client calls.

34. Due to Defendants incessant calls, Plaintiff lost business as clients were unable reach him.

35. Defendant's conduct induced stress, anxiety, and embarrassment while with clients in his place of work.

## COUNT I

### (Violations of the TCPA, 47 U.S.C. § 227)

36. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37. Defendants violated the TCPA. Defendants' violations include, but are not limited to the following:

    a. Within four years prior to the filing of this action, on multiple occasions, Defendants violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

    b. Within four years prior to the filing of this action, on multiple occasions, Defendants willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendants knowing and/or willfully violated the TCPA.

38. As a result of Defendants' violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendants knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

//

## COUNT II

**(Violation of the Rosenthal Fair Debt Collection Practices Act,**

**CAL. CIV. CODE § 1788)**

39. Plaintiff incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

40. Defendants violated the RFDCPA. Defendants violations include, but are not limited to, the following:

    a. Defendants violated Cal. Civ. Code § 1788.11(d) by causing a telephone to ring repeatedly or continuously to annoy the person called;

    b. Defendants violated Cal. Civ. Code § 1788.17 by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of . . . Title 15 of the United States Code (Fair Debt Collection Practices Act).

        i. Defendants' violated Cal. Civ. Code § 1788.17 by violating 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of the alleged debt; and

        ii. Defendants violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692d(5) by causing Plaintiff's phone to ring or engaging Plaintiff in telephone conversations repeatedly;

      iii. Defendants violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692f by using unfair or unconscionable means in connection with the collection of an alleged debt; and

41. Defendants acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

42. As a result of the foregoing violations of the RFDCPA, Defendants are liable to Plaintiff for actual damages, statutory damages, and attorneys' fees and costs.

## COUNT III

## Violations of the Fair Debt Collection Practices Act,

## FDCPA 15 U.S.C. § 1692d

43. Plaintiff incorporates herein by reference all of the above paragraphs of this Compliant as though fully set forth herein at length.

44. Defendant, Allied Interstate, violated the FDCPA. Defendants violations include, but are not limited to the following:

    a. Defendants violated §1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt; and

    b. Defendants violated §1692d(5), which prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at he called number.

45. Defendant Allied Interstate's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

46. As a result of the foregoing violations of the FDCPA, Defendants are liable to Plaintiff for declaratory judgment the Defendants conduct violated the FDCPA, actual damages, statutory damages, and attorneys' fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Henry Mendoza respectfully requests judgment be entered against Defendants for the following:

    A. Declaratory judgment that Defendant violated the RFDCPA and FDCPA;

    B. Statutory damages of $1,000.00 pursuant to the RFDCPA, Cal. Civ. Code §1788.30(b);

    C. Statutory damages of $1,000.00 pursuant to 15 U.S.C. 1692k(a)(2)(A);

    D. Actual damages pursuant to Cal. Civ. Code §1788.30(b) and 15 U.S.C. 1692k(a)(1);

    E. Costs and reasonable attorneys' fees pursuant to the RFDCPA, Cal. Civ. Code §1788.30(c) and 15 U.S.C. 1692k(3);

    F. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

    G. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

    H. Any other relief that this Honorable Court deems appropriate.

1 | Dated: May 19, 2017

RESPECTFULLY SUBMITTED,

By:*/s/ Stuart Price*
　　Stuart M. Price, Esq.
　　15760 Ventura Boulevard, Suite 800
　　Encino, CA 91436
　　T: (818) 205-2466
　　Stuart@pricelawgroup.com
　　Attorneys for Plaintiff
　　Henry Mendoza