Stuart M. Richter (CA 126231)
stuart.richter@kattenlaw.com
Gregory S. Korman (CA 216931)
gregory.korman@kattenlaw.com
Paul A. Grammatico (CA 246380)
paul.grammatico@kattenlaw.com
**KATTEN MUCHIN ROSENMAN LLP**
515 S. Flower St., Suite 1000
Los Angeles, CA 90071-2212
Telephone:  213.443.9017
Facsimile:   213.443.9001

Attorneys for defendant, Allied Interstate, LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Henry Mendoza, <br><br> Plaintiff, <br><br> v. <br><br> Allied Interstate, LLC, <br><br> Defendant. | Case No. 8:17-cv-00885-JVS-KES <br> Hon. James V. Selna <br><br> **Defendant, Allied Interstate, LLC's Statement of Genuine Disputes Pursuant to Local Rule 56-3 in Support of Opposition to Plaintiff's Motion for Partial Summary Judgment** <br><br> [Filed Concurrently with Memorandum of Points and Authorities in Opposition, Evidentiary Objections to Plaintiff's Motion, and Declaration of Paul A. Grammatico] <br><br> Date:            October 21, 2019 <br> Time:           1:30 p.m. <br> Place:           Courtroom 10C <br><br> Complaint Filed: May 19, 2017 <br> Trial Date:        December 10, 2019 |

STATEMENT OF GENUINE DISPUTES IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

<u>Statement of Genuine Disputes</u>

| MOVING PARTY'S UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| 5. On or about November 15, 2015, Synchrony Bank began placing calls to Plaintiff's cellular phone number, (714) 600-5187, in an attempt to collect alleged debts on a number of accounts including the JCPenney Credit Card x9002 and JCPenney Credit Card x3032 accounts.<br><br>Exhibit B, Qorus x9002 and x3032 Account Summary, ALLIED Bates No. 1-8, 81-90; Mendoza Depo. 81:19-22, 90:9-14, 93:25-94:6. | Disputed. The evidence offered by Plaintiff does not establish this fact. Exhibit B establishes that Allied began collection calls on the 3032 JC Penney Account on April 22, 2016, and the 9002 JC Penney Account on May 12, 2016. The deposition testimony of Plaintiff referred to does not identify any particular dates that Synchrony began calling; on the contrary, it is clear that Plaintiff does not know the dates that Synchrony began calling and on what accounts.<br><br>Dec. of Grammatico, Ex. A (Excerpts of Mendoza Depo.), pp. 62-63: 4-25 and 1-5, 82-83, 6-25 and 1-2, and p. 101: 11-25.<br><br>In addition, Plaintiff admitted in written discovery that he did not receive a collection call on the two relevant JC Penney Accounts until April of 2016. Dec. of Grammatico, Ex. C (Plaintiff's Responses to Interrogatories No's 7-8).<br><br>Furthermore, Plaintiff was asked, "[i]f you contend that at any point you revoked consent for Allied to call you on your cellular phone, state when you revoked consent, how you revoked consent, and to whom you revoked consent." Plaintiff could identify no date or time. Dec. of Grammatico, Ex. C (Plaintiff's Response to Interrogatories No 13). |

| | | |
|---|---|---|
| 1 | 6. On November 19, 2015, at 9:25 a.m., Plaintiff answered a collection call from Synchrony Bank and unequivocally revoked consent to be called on his cell phone any further. After Plaintiff revoked consent to be called, Synchrony Bank called Plaintiff again that same day. Plaintiff again answered and for a second time unequivocally revoked consent.<br><br>Declaration of Henry Mendoza ¶ 2; Mendoza Depo. 154:24-155:4; Exhibit C, Deposition of Sergey Kolosovskiy 140:6-8, 142:2-17; Exhibit D, Recordings of Client Revocations labelled "WM 2015 11 19 call recording" and "PAYPAL REVOCATION recording 2015 11 19 PP." | Disputed. The evidence offered by Plaintiff does not establish this fact and is explicitly contradicted by other evidence as set forth below:<br><br>1. Plaintiff's declaration stating the date and time of the alleged revocation it is inadmissible because Plaintiff lacks personal knowledge of this fact. *See* Concurrently filed Evidentiary Objections to Plaintiff's Evidence.<br><br>2. Plaintiff's declaration is a sham declaration that should be stricken because it contradicts prior sworn deposition testimony and interrogatory responses establishing that Plaintiff does not know when the alleged revocation call (or any calls) with Synchrony took place and that he never spoke with a debt collector regarding the two JC Penney Accounts he is suing about. Dec. of Grammatico, Ex. A (Excerpts of Mendoza Depo.), pp. 62-63: 4-25 and 1-5, 82-83: 6-25 and 1-2, and p. 101: 11-25; Ex. C (Excerpts of Plaintiff's Interrogatory Responses), Response No's 3, 8, and 13. *See* Concurrently filed Evidentiary Objections to Plaintiff's Evidence.<br><br>3. The deposition testimony of Plaintiff does not establish this fact because it does not identify a date. In addition, this testimony is inadmissible because the form of the question at the deposition was improperly ambiguous and, without establishing the date of the alleged revocation and the particular account in question, the testimony is |

| | |
|---|---|
| | irrelevant. *See* Concurrently filed Evidentiary Objections to Plaintiff's Evidence. |
| | 4. The deposition testimony of Plaintiff referred to is contradicted by other sworn testimony of Plaintiff establishing that Plaintiff never spoke with a debt collector regarding the two JC Penney Accounts he is suing about. Dec. of Grammatico, Ex. C (Excerpts of Plaintiff's Interrogatory Responses), Response No. 3. |
| | 5. The testimony of S. Kolosovskiy referred to is insufficient to establish these facts. In particular, this testimony does not refer to the date of any alleged revocation. |
| | 6. The recorded calls referred to are inadmissible because they are unauthenticated and constitute hearsay. *See* Concurrently filed Evidentiary Objections to Plaintiff's Evidence; Dec. of Grammatico, Exs. D-E (Transcripts of Recorded Calls). |
| | 7. Even if the recorded calls were admissible, they fail to establish this fact because the transcripts of the calls do not establish the date of the calls and the calls pertained to other accounts (Paypal and Walmart) that Plaintiff is not suing about. Dec. of Grammatico, Exs. D-E (Transcripts of Recorded calls); Dec. of Grammatico, Ex. A (Excerpts of Mendoza Depo.), pp. 40-41: 25 and 1-4, and p. 74: 9-12 |
| 8. On or about April 22, 2016, Defendant began placing calls to Plaintiff's cellular phone number | Disputed. Plaintiff's evidence does not establish this fact. Exhibit B establishes that Allied began calls on |

| | | |
|---|---|---|
| | (714) 600-5187, in an attempt to collect on debts owed on the JCPenney Credit Card x9002 and JCPenney Credit Card x3032 accounts on behalf of Synchrony.<br><br>Exhibit B, ALLIED Bates No. 1-8, 81-90. | the 3032 JC Penney Account on April 22, 2016, and the 9002 JC Penney Account on May 12, 2016. |
| | 9. Between April 22, 2016 and June 6, 2016, Defendant placed approximately three hundred and fifty-six (356) collection calls to Plaintiff's cellular phone after Plaintiff unequivocally revoked consent to be called.<br><br>Exhibit B, ALLIED Bates No. 1-8, 81-90. | Disputed. Plaintiff's evidence does not establish these facts. Exhibit B establishes that Allied began calls on the 3032 JC Penney Account on April 22, 2016, and the 9002 JC Penney Account on May 12, 2016. Furthermore, Exhibit B does not establish that any revocation ever occurred or that Allied was ever aware of any such revocation. |
| | 12. Plaintiff never gave Defendant direct consent to call him on his cellular phone.<br><br>Kolosovskiy Depo. 137:11. | Disputed. The evidence offered by Plaintiff does not establish that Allied never had "direct" consent to call Plaintiff on his cellular phone. |
| | 15. The aQrate phone system has two dialing modes, Preview Mode and Predictive Mode. In Preview Mode aQrate first selects an agent who is logged in as "ready for work" and puts them on the line. The aQrate system then dials a consumer's number from a phone list. If the system successfully connects to the client, then it will connect the client with the selected agent. Kolosovskiy Depo. 36:12-39:17, 44:24-46:24, 143:16. | Disputed. The evidence offered does not establish that the aQrate system dials a consumer's number from a phone list. |
| | 17. In both dialing modes the aQrate system dials all the calls to the consumers. The agent neither dials the phone numbers nor knows which specific numbers will be called at the time of the call. | Disputed. The evidence offered does not establish that "the agent neither dials the phone numbers nor knows which specific numbers will be called at the time of the call." |

4

STATEMENT OF GENUINE DISPUTES IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

| | |
|---|---|
| Kolosovskiy Depo. 46:21-24. | |
| 18.  The aQrate system works in conjunction with the Qorus database. The Qorus database creates the list of clients from which the aQrate system places its calls.<br><br>Kolosovskiy Depo. 35:1-6. | Disputed. The evidence offered does not establish this fact. The testimony states only that Qorus is a record keeping application. |
| 19.  Qorus automatically generates phone lists for aQrate based on a campaign set by an Allied Interstate, LLC employee in their operations department. These campaigns consist of a strategy pertaining to which consumer Defendant wants to call, what mode to call them in, and how many times to call.<br><br>Kolosovskiy Depo. 52:11-53:21, 144:5-18. | Disputed. The evidence offered does not establish that "Qorus automatically generates phone lists for aQrate based on a campaign set by an Allied Interstate, LLC employee in their operations department." |
| 20.  The data Qorus uses to generate phone lists is received from a software system called Axway. When Synchrony provides information to Defendant, that information is entered into the Axway software first.<br>Kolosovskiy Depo. 50:1-11, 51:11-19. | Disputed. The evidence offered does not establish that the "data Qorus uses to generate phone lists is received from a software system called Axway." In particular, there is no evidence presented that Qorus generates phone lists. |
| 21.  Synchrony has a cell phone scrub policy date March 7, 2016 which labels consumers' cellular numbers by consent status.<br><br>Exhibit E, Synchrony Financial Supplier Business Requirements, ALLIED Bates No. 000155; Kolosovskiy Depo. 104:23-105:5. | Disputed. The testimony offered does not establish that "Synchrony has a cell phone policy date March 7, 2016 which labels consumers' cellular numbers by consent status." In fact, the only thing the deponent states is that based on his understanding, Allied has a scrub policy.<br><br>In addition, the Synchrony Financial Supplier Business Requirements document (Exhibit E) is inadmissible. It is unauthenticated, irrelevant, and |

STATEMENT OF GENUINE DISPUTES IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

| | | |
|---|---|---|
| 1 | | hearsay. *See* Concurrently filed Evidentiary Objections to Plaintiff's Evidence. |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | 22. Defendant is bound by Synchrony's cell phone scrub policy dated March 7, 2016.<br><br>Exhibit E, ALLIED Bates No. 000155 | Disputed. The evidence offered is insufficient to establish this fact. In addition, it is unclear what fact Plaintiff is trying to establish; "bound by what and to whom?"<br><br>In addition, the Synchrony Financial Supplier Business Requirements document (Exhibit E) is inadmissible. It is unauthenticated, irrelevant, and hearsay. *See* Concurrently filed Evidentiary Objections to Plaintiff's Evidence. |
| 14 | 23. Synchrony's cell phone scrub policy dictates that in the FDR account notes "All Non-Consent Accounts will have a 'U' or a 'blank' in the first space of the UPC13 Field… All of these accounts should be worked manually."<br><br>Exhibit E, ALLIED Bates No. 000156; Sergey Kolosovskiy Depo. 123:8-124:8. | Disputed. The testimony of S. Kolosovskiy is insufficient to establish this fact; Mr. Kolosovskiy does not testify to this and obviously cannot because he is not an employee of Synchrony and there is no foundation establishing how he would have personal knowledge of this.<br><br>In addition, the evidence referred to is inadmissible. The testimony of S. Kolosovskiy is inadmissible because, among other reasons, he lacks personal knowledge of the fact in question. In addition, the Synchrony Financial Supplier Business Requirements document (Exhibit E) is unauthenticated, irrelevant, and hearsay. *See* Concurrently filed Evidentiary Objections to Plaintiff's Evidence. |
| 28 | 24. In the FDR Account Notes for | Disputed. The evidence offered does |

6

STATEMENT OF GENUINE DISPUTES IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

| | | |
|---|---|---|
| 1-13 | both Plaintiff's JCPenny Credit Card x9002 and JCPenny Credit Card x3032 accounts, there is a "U" notation next to Plaintiff's cell phone number. The "U" notation was placed next to Plaintiff's cell phone number on April 10, 2016 for the JCPenney Credit Card x9002 account and on March 24, 2016 for the JCPenney x3032 account.<br><br>Declaration of Alla Gulchina ¶ 9, Exhibit B, JCP x9002 and JCP x3032 FDR account notes, ALLIED Bates No. 000025-27, 000030, 000032, 000049, 000053, 000056. | not establish these facts. Neither Ms. Gulchina nor the unidentified documents themselves can establish that "[t]he "U" notation was placed next to Plaintiff's cell phone number on April 10, 2016 for the JCPenney Credit Card x9002 account and on March 24, 2016 for the JCPenney x3032 account."<br><br>In addition, the "FDR" notes (Exhibit B to Gulchina's declaration) are inadmissible because they are unauthenticated, irrelevant, and hearsay. They is simply no testimony whatsoever establishing what these documents are and why they are relevant. *See* Concurrently filed Evidentiary Objections to Plaintiff's Evidence. |
| 14-19 | 25.  Synchrony's cell phone scrub policy dictates that any mobile phone numbers with the Phone Flag Field listed as "blank" or marked with an "X" should be dialed manually.<br><br>Exhibit F, ALLIED Bates No. 000156. | Disputed. The evidence offered is insufficient to establish this fact.<br><br>In addition, Exhibits E and F are both inadmissible because they are unauthenticated, irrelevant, and hearsay. *See* Concurrently filed Evidentiary Objections to Plaintiff's Evidence. |
| 20-28 | 26.  In the FDR account notes for Plaintiffs JCPenny Credit Card x9002, there is a "X" next to Plaintiffs cell phone number.<br><br>Gulchina Decl. '|| 9, Exhibit B, ALLIED Bates No. 000047 | Disputed. The evidence offered is insufficient to establish this fact.<br><br>In addition, the "FDR" notes (Exhibit B to Gulchina's declaration) are inadmissible because they are unauthenticated, irrelevant, and hearsay. They is simply no testimony whatsoever establishing what these documents are and why they are relevant. *See* Concurrently filed Evidentiary Objections to Plaintiff's Evidence. |

7

STATEMENT OF GENUINE DISPUTES IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

| | |
|---|---|
| 28. Synchrony Bank and Plaintiff settled their dispute through arbitration. The parties executed a settlement agreement as to calls made by Synchrony Bank only. The settlement between Synchrony Bank and Plaintiff did not include any claims made against Defendant, Allied Interstate and claims made against Defendant Allied were specifically excepted from the settlement agreement.<br><br>Mendoza Depo. 39:9-49:18. | Disputed. The settlement agreement satisfied all of the collection calls made by Synchrony and on Synchrony's behalf pursuant to the One Satisfaction Rule. This is true because:<br><br>1. Plaintiff's claims against Synchrony are based on allegations that Synchrony called him "almost every day" from November 19, 2015, through June 6, 2016. Compl., ¶ 22.<br><br>2. Plaintiff's claims against Allied in the Complaint are based on allegations that Allied called him "almost every day" between April 22, 2016, and June 6, 2016 (thus the pool of calls pertaining to Synchrony included the calls of Allied). Id., ¶ 27.<br><br>3. Allied acted as the agent of Synchrony with regard to the collection calls to the JC Penney Accounts. Compl., ¶ 3; Dec. of Kolosovskiy submitted with Allied's Concurrent Motion for Summary Judgment, ¶¶ 3-6.<br><br>4. In describing the claims in the Complaint for violations of the TCPA and RFDCPA starting on page 5, the allegations against Allied and Synchrony are exactly the same; Plaintiff does not distinguish between the two defendants. Compl., ¶¶ 36-42.<br><br>5. The Recitals section of the settlement agreement with Synchrony states that the "Parties intend to fully and completely settle all claims . . . that were or could have been brought |

| | | |
|---|---|---|
| | | by Claimant in the Litigation[]." Dec. of Grammatico, Ex. F, p. 1 (settlement agreement with Synchrony).<br><br>6. Litigation in the settlement agreement with Synchrony is defined to include, without limitation, "Central District of California (C.D. Cal.), Case No. 8:17-cv-00885" (the current action). Dec. of Grammatico, Ex. F, p. 1 (settlement agreement with Synchrony). |
| | 30. Plaintiff incurred debt due to the financial difficulty he was experiencing related to his business around at the beginning of 2015. When Defendant was placing calls to Plaintiff through June of 2016, Plaintiff continued to face financial hardship. Defendant's calls worsened the stress and anxiety Plaintiff was facing.<br><br>Mendoza Decl. ¶ 7; Mendoza Depo. 125:18-24. | Disputed. Per Plaintiff's discovery responses, his emotional distress was limited to "so much stress that he experienced numerous sleepless nights." Dec. of Grammatico, Ex. C (Plaintiff's Response to Interrogatory No. 21).<br><br>In addition, Plaintiff's declaration should be stricken as a sham because it contradicts prior sworn testimony. *See* Concurrently filed Evidentiary Objections to Plaintiff's Evidence. |
| | 32. Defendant's large number of calls to Plaintiff's cellular phone caused him to become uncertain whether the calls were from a client or from Defendant. This caused Plaintiff to lose business as it affected him from answering calls from prospective clients.<br><br>Mendoza Decl. ¶ 6. | Disputed. Plaintiff has no documentary evidence to support loss of productivity at work, but he contends he was often not feeling well and had to reschedule things. Dec. of Grammatico, Ex. A (Excerpts of Mendoza Depo.), pp. 144-45: 2-25 and 15-24.<br><br>In addition, Plaintiff's declaration should be stricken as a sham because it contradicts prior sworn testimony. *See* Concurrently filed Evidentiary Objections to Plaintiff's Evidence. |
| | 33. Through June of 2016, Plaintiff was on medication for high | Disputed. Per Plaintiff's discovery responses, his emotional distress was |

9

STATEMENT OF GENUINE DISPUTES IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

| | |
|---|---|
| blood pressure and diabetes. The stress caused by Defendant's calls to Plaintiff exacerbated Plaintiff's symptoms related to these conditions.<br><br>Mendoza Decl. ¶ 8; Mendoza Depo. 146:25-151:6. | limited to "so much stress that he experienced numerous sleepless nights." Dec. of Grammatico, Ex. C (Plaintiff's Response to Interrogatory No. 21).<br><br>In addition, Plaintiff's declaration should be stricken as a sham because it contradicts prior sworn testimony. Plaintiff also admitted in written discovery that he did not receive any medical treatment of any kind for the stress he contends he suffered. Dec. of Grammatico, Ex. C (Plaintiff's Response to Interrogatory No. 19). *See* Concurrently filed Evidentiary Objections to Plaintiff's Evidence. |
| 34. As a result of Defendant's calls, Plaintiff experienced migraines, sleeplessness and generalized persistent anxiety which affected his physical and mental health.<br><br>Mendoza Decl. ¶ 9. | Disputed. Per Plaintiff's discovery responses, his emotional distress was limited to "so much stress that he experienced numerous sleepless nights." Dec. of Grammatico, Ex. C (Plaintiff's Response to Interrogatory No. 21).<br><br>In addition, Plaintiff's declaration should be stricken as a sham because it contradicts prior sworn testimony. *See* Concurrently filed Evidentiary Objections to Plaintiff's Evidence. |
| 36. The aQrate phone system runs twenty-four (24) hours a day, seven (7) days a week and has the capability to dial over 50,000 calls in single day.<br><br>Kolosovskiy Depo. 42:18-19, 143:5-12. | Disputed. Plaintiff's offered evidence is insufficient to establish these facts. Mr. Kolosovskiy testified only that it was "hypothetically" possible for the system to make 50,000 calls a day. |
| **ALLIED'S ADDITIONAL UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE** | **RESPONSE AND SUPPORTING EVIDENCE** |
| 1. Each of the JC Penney Accounts | |

10

STATEMENT OF GENUINE DISPUTES IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

| | | |
|---|---|---|
| | were governed by an account contract. Dec. of White submitted with Allied's Concurrent Motion for Summary Judgment, ¶¶ 8-10, and Exs. A-D. | |
| | 2. The account contract for the 9092 account contains a provision entitled to "CONSENT TO COMMUNICATIONS," which states, "You consent to us contacting you using all channels of communication and for all purposes (including collection purposes), using all contact information you provide to us. You also consent to us and any other owner or servicer of your account contacting you about your account, including using text messages, automatic telephonic dialing system and/or an artificial or prerecorded voice when contacting you, even if you are charged for the call under your phone plan. You are responsible for any charges for contacting you that may be billed to you by your communications carrier." *Id.*, Ex. A. | |
| | 3. The account contract for the 3032 account contains a provision entitled to "CONSENT TO COMMUNICATIONS," which states, "You consent to us contacting you using all channels of communication and for all purposes. We will use the contact information you provide to us. You also consent to us and any other owner or servicer of your account contacting you using any communication channel. This may include text messages, automatic telephonic dialing systems and/or an artificial or prerecorded voice. This consent applies even if you are | |

| | |
|---|---|
| charged for the call under your phone plan. You are responsible for any charges that may be billed to you by your communications carriers when we contact you. *Id.*, Ex. C. | |
| 4. Allied asked Plaintiff in an interrogatory to "describe each and every communication that [Plaintiff] had with any debt collector regarding the two JC Penney accounts (3032 and 9002)" and Plaintiff did not identify a single communication. Dec. of Grammatico, Ex. C (Plaintiff's Response to Interrogatory No. 3). | |
| 5. From April 22 through June 6, 2016, Allied was never aware of any revocation of consent to call on the JC Penney Accounts. Dec. of Kolosovskiy, submitted with Allied's Concurrent Motion for Summary Judgment, ¶ 9. | |
| 6. Plaintiff was asked in interrogatories, "[i]f you contend that at any point you revoked consent for Allied to call you on your cellular phone, state when you revoked consent, how you revoked consent, and to whom you revoked consent." Plaintiff could identify no date or time; Plaintiff simply stated, "Plaintiff revoked with Synchrony Bank who employed Defendant to collect on its behalf." Dec. of Grammatico, Ex. C (Plaintiff's Response to Interrogatory No. 13). | |
| 7. Plaintiff admitted in discovery he did not receive a collection call with regard to the two JC Penney Accounts until April of 2016. Dec. of Grammatico, Ex. C (Plaintiff's Responses to Interrogatories No's 7-8). | |

12

STATEMENT OF GENUINE DISPUTES IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

| | | |
|---|---|---|
| 8. Plaintiff does not have any evidence that Allied was aware of a revocation of consent to call with regard to the two JC Penney Accounts. Dec. of Grammatico, Ex. C (Plaintiff's Response to Interrogatory No. 9). | |
| 9. In 2016 Plaintiff was delinquent on at least six credit cards (including the two JC Penney Accounts that are the subject of this litigation) and was being called by creditors, in addition to Allied, on all of these accounts. Dec. of Grammatico, Ex. A (Excerpts of Mendoza Depo.), pp. 62-68, 76, 81-85, 93-94, 100-105, 110-113, and 123-132. | |
| 10. Plaintiff previously entered into a settlement with Synchrony Bank in which Plaintiff was paid $22,016.62 from Synchrony and was given credits of $1,043.52 and $2,822.53 on the two JC Penney Accounts. Dec. of Grammatico, Ex. A (Excerpts of Mendoza Depo.), pp. 14-15: 15-25 and 1-2, 39, 42, 43, and 45-46; Ex. F (settlement agreement with Synchrony). | |

Dated: September 30, 2019      **KATTEN MUCHIN ROSENMAN LLP**

Gregory S. Korman
Paul A. Grammatico

By: _____/s/Paul A. Grammatico_____
      Attorneys for defendant, Allied Interstate, LLC

13
STATEMENT OF GENUINE DISPUTES IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

## CERTIFICATE OF SERVICE
*Henry Mendoza v. Allied Interstate, LLC and Synchrony Bank*
Case No: 8:17-cv-00885-JVS-KES

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Katten Muchin Rosenman LLP, 515 S. Flower Street, Suite 1000, Los Angeles, CA 90071. On September 30, 2019, I served the foregoing documents described as:

**DEFENDANT, ALLIED INTERSTATE, LLC'S STATEMENT OF GENUINE DISPUTES PURSUANT TO LOCAL RULE 56-3 IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

| | |
|---|---|
| X | I electronically filed the foregoing document using the CM/ECF system which automatically sends notification of such filing to all counsel of record and or parties in this case. |
| | **BY ELECTRONIC MAIL.** A PDF copy of the foregoing document was transmitted on this date via electronic mail to the address(es) listed below:<br>tegan@pricelawgroup.com<br>alla@pricelawgroup.com<br>prosen@jamsadr.com<br>ewu@jamsadr.com |
| | **BY U.S. MAIL.** I am readily familiar with the firm's practice of collecting and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on the same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business to the address listed below:<br><br>Lauren Tegan Rodkey           Alla Gulchina, Esq.<br>Price Law Group APC           Price Law Group, APC<br>6345 Balboa Boulevard Suite 247   86 Hudson Street<br>Encino, CA 91316              Hoboken, NJ 07030<br>818-600-5526                  T: (818) 600-5566<br>Fax: 818-600-5426             F: (818) 600-5466 |

I declare that I am employed in the office of a member of the bar of this Court and whose direction the service was made.

Executed on September 30, 2019, at Los Angeles, California.

Lora Anderson